Fred A. H. Pillsbury *vs.* Ephraim C. Sweet and another.

Penobscot. Opinion June 9, 1888.

*Practice. Requested instructions. Expression of opinion. R. S , c. 82, § 83.*

A requested instruction, which has no basis in the testimony in the case, should not be given.

To refuse to give such an instrution is not expressing "an opinion upon issues of fact arising in the case," contrary to the provisions of R. S., c. 82, § 83.

On exceptions.

An action for damages sustained by plaintiff by reason of an injury to his mare while in the keeping of the defendants.

At the trial the defendants asked the court to instruct the jury as follows : "If the sorrel horse, Jim, was an ordinary safe horse, and, while properly hitched and standing in his stall, kicked the plaintiff's mare, the defendants' duty as bailees for hire would not make them liable."

This request was refused, the presiding justice remarking, "I do not regard this request as being in accordance with the evidence. It is upon a state of facts which the evidence does not warrant."

*Barker, Vose and Barker*, for the plaintiff, cited : *Copeland* v. *Copeland*, 28 Maine, 525 ; *Penobscot R. Co.* v. *White*, 41 Maine, 512 ; *Lord* v. *Kennebunkport*, 61 Maine, 463 ; *Waite* v. *Vose*, 62 Maine, 184 ; *Powers* v. *Mitchell*, 77 Maine, 361 ; *Roberts* v. *Plaisted*, 63 Maine, 335 ; *State* v. *Pike*, 65 Maine, 115 ; *Soule* v. *Winslow*, 66 Maine, 447 ; *Stearns* v. *Janes*, 12 Allen, 582 ; *Com.* v. *Tarr*, 4 Allen, 315 ; *Com.* v. *McCann*, 97 Mass. 580 ; *Coker* v. *Ropes*, 125 Mass. 577 ; *Northcoate* v. *Bachelder*, 111 Mass. 322 ; *Stone* v. *Sanborn*, 104 Mass. 319 ; *Saloman* v. *Hathaway*, 126 Mass. 482 ; *Pratt* v. *Amherst*, 140 Mass. 167 ; *Wilson* v. *Lawrence*, 139 Mass. 318 ; *Whitehead & A. M. Co.* v. *Ryder*, 139 Mass. 366 ; *Carter* v. *Goff*, 141 Mass. 123 ; *State* v. *Smith*, 65 Maine, 269 ; *State* v. *McDonald*, 65 Maine, 465 ; *Grows* v. *Maine Cen. R. Co.* 67 Maine, 100 ; *McLellan* v. *Wheeler*, 70 Maine, 286.

*Bertram L. Smith*, for defendants.

The defendants claim that the judge in refusing the requested instruction expressed an opinion upon issues of fact arising in the case in violation of the R. S., c. 82, § 83.

It will be observed that in plaintiff's brief he cites no decisions whatever, decided subsequent to the statute invoked by us. Neither do the decisions since help his case. The decision since (70 Maine, 286, and 73 Maine, 316) construing the statute are based upon the fact that the facts in the cases were not in issue and were uncontroverted.

DANFORTH, J. The requested instruction was properly refused for want of merit. The issue involved the degree of care exercised by the defendants in keeping the plaintiff's mare. No matter therefore how good the care exercised in keeping their own horse, alleged to have done the injury ; if that injury was caused by the defendants' negligence in regard to the mare, they would not be relieved from liability. The request asks this relief

simply upon the ground that defendants' horse "was an ordinary safe and gentle horse, and properly hitched and standing in his stall," when the injury was done.   This is evidently insufficient. It may have been that the stall was not a proper one ; it may have been negligent to have put the horse into such a stall by the side of the mare, or the mare may have been improperly hitched.

Besides it does not appear in the exceptions that the judge had not fairly and clearly given all the law applicable to the case.   In such a case it is no part of the duty of the court, but in many cases would be very objectionable to give the same law in answer to a request, in which is embodied hypothetical facts, grouped together in such a manner as to give them undue prominence and weight with the jury and tending to draw their attention from other facts equally important.

But it is claimed that the judge expressed an opinion in refusing the request.   What that opinion was is not stated and no where appears in the exceptions.   What he did say in substance and effect, was that there was no evidence in the case which would justify such an instruction.   This if true would justify the refusal of the request even if in the abstract it should be sound law.   R. S., ch. 82, § 83, requires that "the presiding justice shall rule and charge the jury   .   .   .   upon all matters of law arising in the case, but shall not, during the trial including the charge, express an opinion upon issues of fact arising in the case."   It does not require that he shall instruct the jury upon questions of law not arising in the case especially when based upon hypothetical facts founded upon testimony not in the case. This latter course, as already seen, is nearly as objectionable as the omission of some portions of the law that is involved.   It tends to confuse the minds of the jury and does injustice to the opposing party as it almost necessarily leads the jury to the conclusion that there is testimony in the case from which they may infer the existence of the facts assumed.   To give an opinion upon the force and effect of testimony which is in the case, is one thing, and to state that there is none tending, or sufficient to prove a given fact, is another and a very different

thing. The former is prohibited by the statute, the latter is not, and by necessary inference at least it still remains the duty of the court on all occasions requiring it, to refuse all requests 1ot shown to have a basis in the testimony. In this case no such foundation appears.

The request was therefore properly refused not only for its want of merit, but also for its want of testimony as a basis.

*Exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY, EMERY and HASKELL, JJ., concurred.