THOMAS ILLINGWORTH *vs.* CLARENCE E. MADDEN, JR.

ROY ILLINGWORTH, PRO AMI *vs.* CLARENCE E. MADDEN, JR.

Kennebec.      Opinion, May 21, 1937.

*Carl A. Blackington,*
*Ernest L. Goodspeed,* for plaintiffs.
*Joly & Marden,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MAN-
SER, JJ.

STURGIS, J.   In these actions of negligence brought by a minor
and his father, the plaintiffs have the verdicts. The defendant re-
served numerous exceptions to rulings made and instructions given
or refused by the trial Judge and filed general motions for new
trials.

MOTIONS.

There is no serious dispute as to the material facts proven in
these cases. The evidence clearly shows that just before six o'clock
in the evening of December 28, 1935, Edward F. Savage, eighteen
years old and living in Waterville, Maine, borrowed his father's
automobile and drove over to Boutelle Avenue to call on Roy Illing-
worth, a friend of about the same age. When he arrived there some-
one suggested a toboggan party, arrangements were made over the
telephone to borrow one from James Illingworth who lived in an-
other part of the city, and the party, including young Savage and
Roy Illingworth, the latter's younger brother and a cousin and his
mother, went over to get the toboggan. It was fastened to the right
rear bumperette of the automobile and Roy Illingworth, although
his mother requested him to ride inside the car, sat down on it hold-
ing the rope in his hands. James Illingworth, joining the party,
got into the front seat of the car beside Savage who drove, and they
started back through the city dragging the toboggan and its rider
behind the automobile.

It had been arranged, it seems, that Mrs. Illingworth should leave the car down town in the shopping district and walk home at her own convenience. Having this in mind but without specific direction from anyone, Savage drove up Elm Street on the right-hand side and across the intersection which it made with Temple Street and stopped his car near the sidewalk for Mrs. Illingworth to alight. The back of the automobile was then five or six feet from the corner and the rear end of the toboggan was just clear of the Temple Street curb line.

As the automobile and the toboggan behind it came to a stop and the minor, Roy Illingworth, was rising up to his feet, the defendant, Clarence E. Madden, Jr., came up Temple Street in his automobile and turning right around the corner of Elm Street ran over the toboggan, struck young Illingworth, threw him under the car and, his coat catching on the front axle, dragged him several hundred feet up Elm Street where the boy's coat tore loose, the running gear and rear axle cleared him, and the car went on leaving him behind. The defendant stopped by some of the occupants of the Savage car who had followed him up the street, came back and took the boy, who had arisen, to the office of his family physician where examination disclosed that while his clothing was torn and he had received numerous abrasions and cuts upon his face and left lower arm, the boy's left hand only was seriously injured. His left little finger was badly jammed, the ring finger on the same hand was disjointed and crushed, and the middle finger was split its entire length with both sides broken open and the tissues mangled.

While the defendant's negligence is not conceded, it is clearly established by the overwhelming weight of the evidence. Driving a 1931 Dodge coupe, he came up Temple Street, slowed his car down at a stop sign, and with his windshield frosted or misted so that he could only see out through the space cleared by the defroster, started ahead in low gear and drove around the corner and up Elm Street without seeing the Savage car or the toboggan until he was stopped and found the boy and his mother standing some little distance behind his car. He admits that he had seen the Savage car cross the intersection ahead of him as he was at or near the stop sign, but states that he did not notice the toboggan dragging behind it. The seat of his automobile was so low, he says, that he

could not see anything down on the street level within fifty feet ahead of his car. He testifies that his engine was cold and missing fire so that as he started up at the stop sign he was obliged to continually operate the choke on the dash and continued so to do until he got out on Elm Street. His statement is: "I was looking dead ahead and fooling with the choke." Upon this evidence, we are of opinion the jury were fully warranted in finding that the defendant centered his attention upon the operation of his choke and drove around the corner of Elm Street without due thought or regard for who or what might be in the street in front of him. This spelled negligence. *Hill* v. *Finnemore*, 132 Me., 459, 464, 172 A., 826; *Callahan* v. *Bridges Sons, Inc.*, 128 Me., 346, 349, 147 A., 423.

In his brief statement of special matters of defense, the defendant set forth numerous grounds upon which he alleged the plaintiffs were guilty of contributory negligence barring their recovery in these actions. On this issue, the jury were allowed to consider only the degree of care exercised by the minor, Roy Illingworth. The trial Judge ruled that negligent acts or omissions, if any, of the driver of the car and of the minor's mother were not imputable to either plaintiff.

The verdicts indicate that the jury, under the instructions given them by the court, found that Roy Illingworth was not guilty of contributory negligence. In this, we find no manifest error. It cannot be said as a matter of law that it is negligent to ride upon a toboggan drawn by an automobile over a public highway. No more controlling is the fact that the toboggan did not carry a light. The evidence shows that the street where the accident occurred was well lighted and the toboggan and its rider were in plain view of the defendant as he turned the corner. No reason appears for assuming that the accident would have been avoided if the toboggan had carried a light.

No claim is made that the damages awarded the plaintiff, Roy Illingworth were excessive. He was a freshman in Colby College and an accomplished musician. He also worked part of the time in a textile mill and since the accident that has apparently been his regular employment. There is convincing evidence that the injuries he received in this accident permanently impaired his ability to play either the piano or the clarinet, which were the instruments he

was studying, barred his chance of becoming a music teacher and interfered with his work as a textile operative.

Careful examination of the record fails to disclose that the damages awarded Thomas Illingworth were clearly excessive. His enumeration from memory of the amount of disbursements made and losses suffered as a result of his son's injuries falls just short of the aggregate of the award. Items of loss named but not valued may account for the variance. We find no clear warrant for granting a new trial on this ground.

EXCEPTIONS.

Exceptions reserved during the trial to the admission of testimony are not pressed here and need not be considered. Counsel apparently recognize, as the record shows, that the defendant suffered no prejudice from the introduction of this evidence.

In the course of his charge, the trial judge instructed the jury that "It is not negligence in itself for a person to ride upon a toboggan towed by an automobile." We find no merit in the exception reserved to this instruction. This brief general statement of the law was correct in principle and in nowise misleading. The jury were carefully instructed in direct connection therewith that the minor plaintiff's act in riding the toboggan was to be considered in the light of the circumstances and conditions existing at the time and place of the accident and his due care measured accordingly. The language used was clear, plain and free from technicalities and from ambiguity. We are confident that no member of the panel was confused by it or misdirected in his deliberations.

The defendant in his specifications of defense pleaded, and on the brief argues, that the minor plaintiff, Roy Illingworth, and Edward F. Savage who drove the automobile which hauled the toboggan, as all other members of the party, were engaged in a joint enterprise, young Savage was negligent both in failing to have the toboggan lighted in accordance with the statute governing the operation of motor vehicles and trailers and in stopping it in close proximity to the street intersection in violation of a local city ordinance, and that his negligence is imputed to his companions including the plaintiffs in these actions. The Justice presiding refused to

give requested instructions submitting this issue to the jury and directed them to exclude it from their considerations.

It is undoubtedly true that each and all of the young people in this party, as they drove over after the toboggan and started back towards the outskirts of the city where they planned to slide, had a common interest in the "object and purposes of the undertaking," but proof that they had equal rights in the control and management of the automobile in which they rode is entirely lacking in the record. Without prearrangement or even knowledge on the part of the others, young Savage borrowed his father's car presumably for his own personal use, and started out merely to make a call. It nowhere appears that he in any way or at any time surrendered his personal control over the automobile to any of his companions, or by evidence of probative value that Roy Illingworth or any of the others interfered with or assumed any responsibility for or control over its operation. The testimony is to the contrary and conjecture only refutes it.

The law on this point is well settled. In order to establish a joint enterprise within the meaning of the law of imputed negligence, there must be proof of a community of interest in and the joint prosecution of a common purpose under such circumstances that each participant has authority to act for all in directing and controlling the means or agency employed. The test of a joint enterprise between the driver of an automobile and another occupant is whether they were jointly operating and controlling the movements of the vehicle or had an equal right to do so. 5 American Jurisprudence, Section 500 *et seq* ; 4 Blashfield Cyc. of Automobile Law and Practice, Section 2372 *et seq.* The absence of this essential element of joint control in the cases at bar brings them within the rule of *Trumpfeller* v. *Crandall*, 130 Me., 279, 155 A., 646. We find no error in the refusal of the court to submit the defendant's theory or claim of joint enterprise. Lacking evidence even tending to establish such a relation, that issue was not in the cases. Exceptions reserved to the charge and refusal to instruct on that point can not be sustained.

The defendant complains because the jury were not allowed to determine whether the plaintiff, Roy Illingworth, was negligent in stopping the toboggan. Suffice it to say that he did not stop it, but

as the trial Judge pointed out its progress was controlled by the operation of the automobile to which it was attached. It is not error to refuse to allow the jury to consider an impossible and impracticable theory which has no support in the evidence. *Tower* v. *Haslam*, 84 Me., 86, 24 A., 587; *Pillsbury* v. *Sweet*, 80 Me., 392, 14 A., 742; *Brackett* v. *Brewer*, 71 Me., 478.

The ruling that the local municipal ordinance prohibiting vehicles from stopping or standing within ten feet of a street corner or hydrant was not involved in these cases was also correct. The driver of the automobile violated the ordinance. There is no basis in this record for imputing the proof of negligence which attaches to his disregard of the law to these plaintiffs. As already stated, the toboggan party was not a joint enterprise.

Nor are we of opinion that the learned trial Judge was in error in instructing the jury that the provisions of the Motor Vehicle Law relating to lights, which appears as R. S., Chap. 29, Secs. 82, 83 and 84, had no application to the minor's failure to light his toboggan at the time he was injured. The toboggan, of common knowledge, was nothing more than a long flat-bottomed sled, of different construction of course, but properly classed with sleds for coasting known to young and old wherever the snow covers the ground. We find no legislative intent, expressed or implied, which warrants the conclusion that coasting sleds of any type are governed by the statute as to lights. An examination of the authorities indicates that, in the absence of a clear statutory mandate, it is not generally held that sleds are vehicles within the meaning of that term as used in regulatory statutes. *Idell* v. *Day*, 273 Pa., 34, 116 A., 506; 2 Blashfield Cyc. Auto. Law & Pr., Sec. 853. The case of *Long* v. *Hicks*, 173 Wash. 17, 21 P. (2d), 281, relied on by the dedendant, is based on the provisions of a statute in force in that jurisdiction. It is not a controlling precedent here.

The remaining exception to be considered is based on the defendant's contention that the plaintiff, Thomas Illingworth, is barred from recovering the losses and expenses he suffered as a result of his minor son's injuries because his wife was negligent in not preventing the boy from riding on the toboggan. It is not clear in just what particulars she failed to exercise due care. She testifies without contradiction that she requested him to come inside the car

with the other occupants and protested against his riding on the toboggan but he refused to obey. By what means a mother could compel unwilling obedience from a son of that age does not appear. Assuming, however, that she was negligent in not preventing the boy's misadventure, we are not of opinion that her dereliction of duty is imputed to her husband. He was not present, took no part in the proceeding and had no control over it. In his absence, his wife was charged with the custody and care of their son in her own right under the statute which gives the father and mother joint right to the care, custody, control, services and earnings of their children and denies to either parent any paramount right over the other with reference to any matter affecting such children. R. S., Chap. 72, Sec. 43. Under the Married Women's Act, a husband has no direct interest in or right of control over actions brought by the wife for the preservation and protection of her property and personal rights or for the redress of her personal injuries, but she may sue in her own right at law or in equity as if unmarried. R. S., Chap. 74, Sec. 5. And a husband is not liable for his wife's torts in which he takes no part, but she is liable therefor as if she were sole. R. S., Chap. 74, Sec. 4; *Marcus* v. *Rovinsky*, 95 Me., 106, 49 A., 420. The independence of married women under the laws of this state leaves no room for indulgence in the theory that a wife, in exercising her right to the care and custody of her child in her husband's absence and free from his control, acts under and by virtue of authority delegated by him, or that damages recovered by either parent for losses incident to injuries to their child belong beneficially to both. Husband and wife do not constitute in this state a legal community known to the laws of some jurisdictions.

Furthermore, as between husband and wife not jointly and mutually assuming and exercising the responsibility of care in a particular situation, the doctrine of imputed negligence has not been accepted in this jurisdiction. In a long line of cases where husband or wife or both were suing a third person in negligence to recover for their own personal injuries or losses, the independent responsibility of each spouse has been recognized and the contributory negligence of the one held not to be imputable to the other. *State* v. *B. & M. Railroad Co.*, 80 Me., 430, 15 A., 36; *Whitman* v. *Fisher*, 98 Me., 577, 57 A., 895; *Cobb* v. *Cumberland County Power & Light Co.*,

117 Me., 455, 104 A., 844; *Kimball* v. *Bauckman*, 131 Me., 14, 158 A., 694; *Barnes* v. *Bailey*, 134 Me., 503, 187 A., 758. We find no reason or persuasive authority for departing from that principle in these cases. An examination of the decisions in other states indicates that this view is in accord with the weight of authority.

In *Atlanta, etc., Co.* v. *Gravitt*, 93 Ga., 369, 20 S. E., 550, 556, in a suit by a wife in her own right to recover for a wrong to her son, the contributory negligence of her husband, the father, was held not to be imputed to her merely because of the marital relation existing between them, and in the course of its opinion that court said:

> "Only upon the idea of identity of interest could the act of one be regarded as that of the other. We have already shown that the rule which once obtained, whereby, upon the theory of 'identity' or agency, the negligence of a father was imputed to his infant child, has been utterly repudiated in most jurisdictions, and no longer has any firm footing in the law of this country. The same reasons which have been urged against the injustice and harshness of that rule apply equally well to so indefensible a doctrine as that which would seek to charge a wife with the negligence of her husband, simply because of the marital relation existing between the two. Like the child, the wife has distinct, individual legal rights, which cannot be defeated simply by showing that another, to whom she was related by ties of wedlock, but over whom she exercised at the time no control, was guilty of negligence concurrent with that of the defendant."

In the comparatively recent case of *Herrell* v. *Railway Co.*, 324 Mo., 38, 23 S. W. (2d), 102, the authorities on this point are carefully and exhaustively reviewed and the doctrine of the case last cited adopted. That court there points out that statutes conferring equal powers, rights and duties upon the father and mother in the care and custody of their children, with no paramount right in either in respect thereto, negative the idea that the mere existence of the marital relation *ipso facto* constitutes each parent the representative of the other as regards the rearing of their minor children.

And in *MacDonald* v. *O'Reilly*, 45 Ore., 589, 78 P., 753, 754, we read:

"The primary subject of inquiry in all personal injury actions is whether the negligence of the defendant was the proximate cause of the injury. When that fact is proven, and that the plaintiff was damaged thereby, the liability of the defendant is established. The plaintiff may not be entitled to recover, however, because of the concurring negligence of himself, or of some one standing in his place, contributing to the injury, for the reason that the law will not undertake to apportion the negligence. But the contributory negligence which will bar a recovery must be that of the person from whom the cause of action is derived, or the beneficiary, or some one standing in such a relation to the beneficiary that the maxim, *Qui facit per alium facit per se*, may be invoked. A wife does not, from the mere marital relation, however, occupy such a position in the care and custody of a minor child. Under our statute, the right and responsibility of the parents in that regard are equal, and the mother is as fully entitled to the custody and care of the children as the father. The doctrine to be found in some of the books, therefore, that because the father is the legal custodian of the children, or because of the identity of the parents, the law will assume that the mother is the agent of the father, for whose negligence he is responsible, can have no application. A mother is not the agent of the father in the care of the children, any more than the father is the agent of the mother. They are both equal before the law. The common interest or common duty of the parents toward the children will not of itself make one the agent of the other, or responsible for that other's negligence."

In accord with the rule of these cases are *Phillips* v. *Denver City Tr. Co.*, 53 Col., 458, 128 P., 460; *Louisville, etc., Co.* v. *Creek*, 130 Ind., 139, 29 N. E., 481; *Love* v. *Detroit*, 170 Mich., 1, 135 N. W., 963. See 8 Ruling Case Law 786, 23 A. L. R., 690, 32 Annotated Cases, 36.

Authorities cited by counsel for the defendant in support of the doctrine that negligence may be imputed between the spouses in

actions against third persons for torts to their minor children can not be followed here. They are based upon either the theory of a legal community of which the husband is the head, or a direct interest in the proceeds of the recovery, or a delegation of authority from one parent to another, each and all in direct conflict with the statutory rights of married women and parents of minor children in this state. *Keena* v. *United Railroads*, 57 Cal. App., 124, 132, 207 P., 35; *Toner's Admr.* v. *South Covington & C. St. R. Co.*, 109 Ky., 41, 58 S. W., 439; *Darbrinsky* v. *Pennsylvania Co.*, 248 Penna., 503, 94 A., 269. In refusing to instruct the jury that the negligence of the mother of the minor plaintiff was imputable to her husband, the plaintiff Thomas Illingworth, the trial Judge committed no error.

The entry in each case, therefore, must be

*Motion overruled.*
*Exceptions overruled.*