GARRETT v. MAYOR.

No. 33177.   April 4, 1950.

*216 P. 2d 965.*

Battenfield & Battenfield and Harve N. Langley, all of Pryor, for plaintiff in error.

Ernest R. Brown, of Pryor, for defendant in error.

O'NEAL, J. Plaintiff commenced this action to recover damages for breach of a written lease agreement made between him and the defendant, Oliver D. Mayor. The cause was tried to a jury, verdict was returned for defendant and judgment entered thereon, and plaintiff appeals.

The evidence discloses that, on the 6th day of August, 1941, the defendant leased to the plaintiff for a period of five years a three-story hotel building consisting of 40 rooms in the city of Pryor, Okla., at a monthly rental of $500 payable in advance; that plain-

tiff took possession and the rent commenced on the 10th day of August, 1941, and that he paid all rentals due to and including the 10th day of May, 1942. In the lease contract plaintiff agreed to make all repairs on the inside of the building and defendant agreed to make all outside repairs.

On the 28th day of April, 1942, the hotel was demolished by a tornado. No rentals were paid on or after May 10, 1942. Approximately five months after the tornado the hotel was reconstructed by defendant into a two-story building of 20 rooms, but plaintiff did not continue the tenancy.

Plaintiff commenced this action on the 7th day of January, 1943, to recover $18,000 as damages for breach of the contract. There were two other causes of action, one for the percentage of the $500 paid from the period, April 10, to May 10, 1942, and another cause of action based upon an alleged failure to make certain repairs to the building during the tenancy and prior to the tornado. The trial court eliminated these last two causes of action so that the only cause of action pleaded at the time of the trial was for breach of contract for failure to restore the premises in as good condition as they were prior to the tornado.

In a single proposition plaintiff alleges error of the trial court in refusing to give an instruction to the effect that if the jury found and believed from the evidence that the damages to the hotel building could have been repaired and put in as good state of repair by a reasonable expenditure and outlay on the part of the defendant, then the defendant would be liable under the terms of the contract for any damage for failure to repair the building.

There is a dispute as to what transpired after the destruction of the hotel. Defendant's evidence shows that plaintiff declined to continue tenancy and delivered the keys to an employee of defendant. Plaintiff asserts that defendant broke a padlock on the hotel door and took possession of the building. It is not denied that defendant offered to rent the reconditioned building to the plaintiff at the contract rental and that plaintiff refused this offer. We think it immaterial how the tenancy was terminated.

It was the theory of the plaintiff that by reason of the written contract, it was the duty of the defendant immediately to restore the building in as good condition as it was at the time he took possession and prior to the tornado of April 28, 1942. Based upon this theory there is incorporated in the motion for new trial an allegation that the plaintiff offered, and the court refused, an instruction that if the jury found from the evidence that the damage to the hotel in question could have been repaired and put in a good state of repair by a reasonable expenditure and outlay on the part of the defendant, and that the defendant could obtain the material with which to make the necessary repairs to put the hotel in a usable condition, then, and in that event, the defendant would be liable under the terms of the contract for any damage that may have been sustained by reason of such failure.

Defendant argues that the plaintiff cannot raise the failure to give the instruction for the reason that it was not incorporated in the record, due exceptions made thereto signed by the trial judge and such exceptions saved by a motion for new trial. With this contention we agree. The incorporation of the alleged instruction in the motion for new trial and the allegation that it was excepted to and duly signed by the trial judge is not sufficient to incorporate the same in the record or case-made as duly excepted to at the trial. Shuler v. Collins, 40 Okla. 126, 136 P. 752. In Shuler v. Collins, supra, we stated that before an instruction of the trial court can be presented to this court for review on appeal, exceptions to the giving thereof must be taken in the trial court at the time it was given, and such excep-

tion saved by a motion for a new trial, in which such alleged error is assigned as ground for a new trial.

Plaintiff, in effect, concedes the force of this argument, but argues that it is the duty of the trial court on its own motion to instruct upon the theory of the plaintiff in the case, and cites in support of such rule Davon Oil Co. v. Steele, 186 Okla. 380, 98 P. 2d 618. That case involved the right of possession of the premises by a lessee in order to develop for oil and gas, and in an action for damages by the landowner it was held erroneous not to submit the defendant's theory of a right of reasonable possession necessary to the drilling operation.

In Spurrier Lumber Co. v. Dodson, 30 Okla. 412, 120 P. 934, it is stated:

"It is the duty of the court to submit to the jury and give instructions thereon any issue, theory, or defense which the evidence tends to support. This right is not affected by the fact that there is countervailing testimony."

The court gave the following instructions which we think proper under the facts in this case:

"You are instructed that, under the law, where parties enter into a contract on the assumption that some particular thing essential to its performance will continue to exist and be available for the purpose, and neither agrees to be responsible for its continued existence and availability the contract must be regarded as subject to an implied condition that before the time for performance, and without the fault of either party, the particular thing ceases to exist, and be available for the purposes, the contract shall be dissolved, and the parties excused from performing it.

"In this connection you are instructed that if you find and believe that the contract in question was rendered impossible of performance by a cyclone and damaged to the extent that it could not be reasonably reconstructed and placed in a good state of repair, or that by reason of a state of War the defendant was unable to obtain the necessary materials with which to reconstruct the hotel in question, then and in that event the defendant would not be liable for any damages claimed for loss of value of his lease from the date of April 27, 1942, to August 10, 1946."

The plaintiff's theory of the case is made up of the pleadings and the evidence in support thereof. Pittsburgh, etc., v. Rogers, 45 Ind. App. 230, 87 N. E. 28; State ex rel. Millice v. Petersen, 36 Ind. App. 269, 75 N. E. 602. There was no evidence that the hotel could be repaired except by a restoration of the demolished building. It was never contemplated that the agreement to repair made by plaintiff or defendant should include restoration of the premises after being demolished by tornado. It was not the duty of the defendant to restore the hotel after destruction by tornado. Landlord and Tenant, 32 Am. Jur. §705 et seq.

The only theory upon which plaintiff was entitled to recover was submitted to the jury. This instruction included the only condition upon which it was the duty of the defendant to repair the hotel. The trial court is not required to submit instructions on an untenable legal theory presented by one of the parties. Apache Gas Co. v. Thompson, 177 Okla. 594, 61 P. 2d 567; Hardy v. Schirmer, 163 Cal. 272, 124 P. 993. A court may refuse to allow the jury to consider a theory which has no support in the pleadings and evidence. 53 Am. Jur. Trial, §627; Illingworth v. Madden, 135 Me. 159, 192 Atl. 273. In Illingworth v. Madden, supra, it is stated:

"It is not error to refuse to allow the jury to consider an impossible and impracticable theory which has no support in the evidence. Tower v. Haslam, 84 Me. 86, 24 A. 587; Pillsbury v. Sweet, 80 Me. 392, 14 A. 742; Brackett v. Brewer, 71 Me. 478."

An instruction that if the defendant could have by reasonable expenditure repaired the hotel, it was his duty to do so was not justified by any evidence and such an instruction would have tended only to confuse the jury.

This is the single issue presented by the plaintiff on appeal.

Finding no error, the judgment is affirmed.

All the Justices concur, except JOHNSON, J., who presided at the trial below, not participating.