**STATE of Maine**

**v.**

**Robert E. SHOREY, Jr.**

Supreme Judicial Court of Maine.

March 2, 1973.

David W. Kee, Hancock County Atty., Samuel Nesbitt, Jr., Asst. County Atty., Ellsworth, Mark Sheskey, Summer Intern, for plaintiff.

Hale & Hamlin, by Barry K. Mills, Blue Hill, for defendant.

Before DUFRESNE, C. J., and WEBBER, POMEROY, WERNICK and ARCHIBALD, JJ.

WEBBER, Justice.

■ On appeal. On September 3, 1968 the defendant Shorey was charged by indictment with a violation of 17 M.R.S.A., Sec. 2656 ("Assault with intent") in this form:

"That on or about the nineteenth day of April, 1968 in the town of Bucksport, County of Hancock, and State of Maine, Robert E. Shorey, Jr. being then and there armed with a dangerous weapon, to wit: a 12 gauge shotgun, then and there loaded with bullets, did feloniously assault one William F. Robinson, with intent him the said William F. Robinson, then and there feloniously and willfully to kill and slay."

At the September Term, 1968, the State by leave of Court dismissed so much of the indictment as charged, "with intent him the said William F. Robinson, then and there feloniously and willfully to kill and slay." [1] A plea of guilty to the charge as thus reduced was tendered by the defendant and accepted by the Court. After hearing, the Court found the assault to be of a high and aggravated nature and sentenced the defendant accordingly.

While serving this sentence at the Maine State Prison, the defendant on January 20, 1970 filed a petition for the writ of habeas corpus asserting therein that he had been deprived of his constitutional right to jury determination of the issue of aggravation.

In reliance upon Duncan v. Louisiana (1968) 391 U.S. 145, 88 S.Ct. 1444, 20 L. Ed.2d 491, 522 and our decisions applying the Duncan rule in State v. Ferris (Me. 1969) 249 A.2d 523 and State v. Wheeler (Me.1969) 252 A.2d 455, the Justice hearing the petition properly ruled that, although defendant had been convicted of assault upon his plea,[2] he had been unlawfully sentenced in that he had never waived his right to jury determination as to aggravation. He accordingly remanded the case to the Superior Court for a proper disposition of the issue of aggravation and for resentence. No appeal was taken from that decision.

On October 12, 1971 the defendant filed a motion in the Superior Court to dismiss the indictment on two grounds, one of which was abandoned and need not concern us here. The sole reason advanced in support of the motion to dismiss is that further proceedings pursuant to the remand order placed him in double jeopardy.

In the Superior Court the motion to dismiss was denied and the presiding Justice then turned his attention to the determination of aggravation and resentence. After a full and complete explanation of his rights afforded him by the presiding Justice, supplemented by the explanations and advice of counsel, defendant elected to waive both his right to jury trial on the issue of aggravation and the right, alternatively, to have the facts found after an evidentiary hearing by the presiding Justice. It is not contended on this appeal that this waiver of rights was not voluntarily or understandingly given. No new plea to assault was tendered, none being required,

---

1. The indictment as thus amended is barely adequate to give effective notice that the assault charged is alleged to be of a high and aggravated nature and should not be viewed as a model approved by this Court. We deem it sufficient to satisfy jurisdictional requirements and when the defendant was informed in the course of the procedure required by M.R.Crim.P., Rule 11 that he might be subjected to enhanced punishment as for a felony, no prejudicial error resulted.

2. No question is here raised with respect to any failure of the trial court in the course of the Rule 11 proceedings to inform the defendant of his right to jury determination as to the high and aggravated nature of the assault. The decision in the habeas corpus proceeding, never appealed from, contained the following: "Petitioner makes no allegation that his plea of guilty to simple assault was not knowingly and understandingly made, but attacks the finding of aggravation."

but the defendant further elected to admit factually in open court that the assault was of a high and aggravated nature and further to admit all the essential facts which would compel that conclusion. On the basis of this waiver and defendant's admissions, he was then resentenced as for assault of a high and aggravated nature and placed on probation.

██ The sole remaining issue then, as the appeal is postured, is whether or not the defendant was placed in double jeopardy at the time of resentence. In asserting this claim the defendant misconceives the nature of the reduced charge against him and the posture of the case after remand for resentencing. He erroneously contends that on his first appearance in the Superior Court he pleaded guilty to and was convicted of simple assault and later on his second appearance he was suddenly faced with a new and different charge of assault of a high and aggravated nature arising out of the same facts. The argument disregards completely the fact that there is but one crime, assault, and aggravation goes only to the matter of punishment. Even in *Ferris* and *Wheeler*, while implementing the mandate of *Duncan* that defendant be afforded the opportunity for jury trial on aggravation, we reasserted the basic principle that the offense is assault (or assault and battery)

and that assault of a high and aggravated nature is not a distinct and separate crime. In *Ferris* at page 526 we said:

"The case law of Maine has been well established over the years that the element of aggravation is no part of the crime of assault and battery but goes only to the severity of the punishment."

Thus in the instant case there was but one conviction of but one offense, assault. When defendant appeared for submission to the resentencing procedure (which in assault cases, as we have noted, necessarily includes a determination of aggravation), he stood already convicted of that offense and it was upon that original conviction that he was to be resentenced. The result of the habeas corpus proceeding was not to set aside the prior conviction but only to invalidate an illegal sentence. In the corrective sentencing procedure defendant was in no sense placed in any new or double jeopardy but was merely vouchsafed his constitutional rights and given a lawful sentence based upon his original and only conviction for assault. The explicit purpose of the habeas corpus remand was thus fulfilled.

Appeal denied.

WEATHERBEE, J., did not sit.

All Justices concurring.