THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GREGORY DUANE COLE, Appellant.

Fourth Department, January 17, 1974.

---

* All parties in the main action were served and appeared in this declaratory judgment action.

*Nathaniel A. Barrell (Henrietta M. Wolfgang* of counsel), for appellant.

*Michael F. Dillon, District Attorney (Judith Blake Manzella* of counsel), for respondent.

SIMONS, J. A jury has found appellant guilty of two counts of robbery second degree under an indictment charging him in the first count with stealing a watch and cigarette lighter from Richard L. Donmore while aided by another (Penal Law, § 160.10, subd. 1) and in the second count with causing physical injury to Donmore during the course of the theft (Penal Law, § 160.10, subd. 2, par. [a]).

Appellant contends that the trial court erred in refusing to charge assault third degree as a lesser included offense with respect to the second count in the indictment. We agree.

The victim, Donmore, testified that the incident occurred while he was seated in the back seat of William Sharp's moving car. Richard Johnson was sitting to his left and appellant Cole to his right. Donmore stated that Johnson forcibly removed the watch from his left wrist while Cole struck him twice on the right side of the head. While striking Donmore, Cole allegedly said '' that's what you get for calling the cops on me.'' The only evidence offered by the defense was the testimony of another passenger in the car, called by Cole, who stated that the hitting and theft of the watch were performed solely by the codefendant Johnson and that Cole did not participate in the crime.

Assault third degree is a lesser included offense of the crime charged because all of the elements of assault third degree (Penal Law, § 120.00, subd. 1) must be proved to convict of robbery second degree (Penal Law, § 160.10, subd. 2, par. [a]). In the language of the statute, it is impossible to commit robbery

as defined in this section without at the same time committing assault third degree (CPL 1.20, subd. 37; *People* v. *Flores,* 42 A D 2d 431 and cf. *People* v. *Moyer,* 27 N Y 2d 252). Therefore, if there is " a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater ", the court was required to charge the lesser offense (CPL 300.50; Pitler, New York Criminal Practice under the CPL § 12.49, p. 660 *et seq.*).[1]

It is the contention of the District Attorney that there is no reasonable view of the evidence which would permit a jury to find appellant guilty of assault but not robbery as charged in the indictment. He contends that the evidence at the trial described one incident, the simultaneous theft of Donmore's watch and the assault upon him. The uncontradicted testimony was that a larceny was accompanied by force; the only variance in the evidence concerned who committed the assault. Accordingly, it is urged that the jury could accept the People's evidence, in which event Cole was guilty of robbery second degree only, or the defense evidence, in which event Cole was innocent of any wrong. The prosecution contends that those are the only alternatives on the evidence.

In weighing the evidence, the jury was not required to believe one version of the case in its entirety to the exclusion of facts elicited by the other side. Its members could accept parts or portions of the evidence on both sides of the case to reach their verdict (*People* v. *Asan,* 22 N Y 2d 526, 530; *People* v. *Valle,* 15 N Y 2d 682). From this record, lacking evidence of any concerted plan or motive for robbery, the jury might reasonably find that appellant intended only to assault Donmore in revenge for " calling the cops ", that he was innocent of any theft from Donmore and acted without knowledge of Johnson's contemporaneous act of larceny (compare the facts in *People* v. *Valle,* 21 A D 2d 765, revd. on dissenting opn. at the Appellate Division 15 N Y 2d 682, and *People* v. *Calhoun,* 20 A D 2d 528). In ruling on the request for a charge on a lesser included offense, the appellant was entitled to the most favorable view of the record (*People* v. *Battle,* 22 N Y 2d 323; *People* v. *Usher,* 39

---

1. The classic test stated under prior law was that, if upon any view of the facts, a defendant could properly be found guilty of a lesser degree or an included crime, the Trial Judge must submit the lower offense (*People* v. *Asan,* 22 N Y 2d 526, 529–530; *People* v. *Mussenden,* 308 N. Y. 558, 561–562). The statute is said to be expositive of prior case law (*People* v. *Hayes,* 43 A D 2d 99, dec. Dec. 6, 1973; Denzer, Practice Commentary McKinney's Cons. Laws of N. Y., Book 11A, CPL 300.50, p. 565). The result here is the same under either test.

A D 2d 459, 461). Such a view warranted a charge of assault third degree.

The fact that the jury, by its verdict, convicted appellant and the codefendant Johnson of robbery second degree under both counts of the indictment does not justify the failure to grant appellant's request to charge down to assault third degree. The propriety of the requested charge must be determined on the record at the time the request is made and before the case goes to the jury. An erroneous ruling cannot be cured by findings of fact which may be implicit in the verdict as finally rendered (*People* v. *Valle, supra*).

The judgment should be reversed and a new trial granted.

DEL VECCHIO, J. P., WITMER, MOULE and CARDAMONE, JJ., concur.

Judgment unanimously reversed on the law and facts and a new trial granted.