■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES D. SMITH, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered February 15, 1974, convicting him of assault in the second degree (two counts) and possession of weapons, dangerous instruments and applicances as a misdemeanor, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant was indicted, *inter alia,* for assault in the first degree. He was convicted, following a jury trial, of two counts of assault in the second degree. We are of the view, under the facts of this case, that he was entitled to a jury instruction as to the crime of assault in the third degree, as a lesser included offense (CPL 1.20, subd 37). Defense counsel's timely request for such an instruction was improperly denied. In ruling on a request for a jury charge as to a lesser included offense, the evidence must be viewed in the light most favorable to the defendant. Upon such a view, the trial court must determine whether the evidence would reasonably support a finding that the defendant committed the lesser offense but not the greater *(People v Asan,* 22 NY2d 526, 529–530; *People v Mussenden,* 308 NY 558, 561–562; *People v Cole,* 43 AD2d 324, 326; CPL 300.50, subd 1). If the evidence offers such support, the defendant must have the benefit of the charge as to the

lesser degree *(People v Battle,* 22 NY2d 323, 324). A reasonable view of the evidence presented in this case warrants the conclusion that defendant properly could be found guilty of assault in the third degree on the basis of the alternative theories of recklessness (Penal Law, § 120.00, subd 2) and criminally negligent conduct (Penal Law, § 120.00, subd 3). The refusal to charge the lesser crime in this case was error which requires reversal and a new trial (CPL 300.50, subd 1; *People v Asan, supra).* Rabin, Acting P. J., Hopkins, Martuscello, Cohalan and Christ, JJ., concur.