■ FRED OUIMETTE et al., Respondents-Appellants, v DANIEL M. FEDERMAN et al., Appellants-Respondents.—In a proceeding to stay arbitration, (1) appellants appeal, as limited by their brief, (a) from so much of an order of the Supreme Court, Westchester County, entered June 23, 1975, as (i) granted the application and (ii) denied those branches of their cross motion which sought to dismiss the petition as insufficient in point of law and to change venue and (b) from so much of a further order of the same court, dated September 4, 1975, as, upon reargument, adhered to the original determination, and (2) petitioners cross appeal from so much of the order dated September 4, 1975 as granted reargument. Appeal from the order entered June 23, 1975 dismissed as academic. That order was superseded by the order dated September 4, 1975. Order dated September 4, 1975 affirmed. Petitioners are awarded one bill of $50 costs and disbursements to cover both appeals. We agree with Special Term's finding that petitioners are not subject to the arbitration agreement. Hopkins, Acting P. J., Margett, Damiani, Christ and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP ABREU, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered January 10, 1975, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The trial court charged the jury, without exception, "that you may not find the defendant guilty of robbery in the first degree and robbery in the second degree. You may either find him guilty of robbery in the first degree or you must acquit him, or you may find him guilty of robbery in the second degree or you must acquit him. So that you will have, Mr. Foreman, and Members of the Jury, three possible charges before you: Robbery in the first degree, robbery in the second degree, or acquittal." The choice of the jury in finding defendant guilty of robbery in the second degree is unassailable under the facts in this record. Hopkins, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORIS E. B. (ANONYMOUS), Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered January 16, 1974, adjudicating her a youthful offender, after a jury verdict convicting her of attempted robbery in the third degree and assault in the second degree, and imposing sentence. Judgment reversed, on the law, and new trial ordered. A request for a jury charge as to a lesser included offense must be granted if there is any reasonable view of the evidence which would support a finding that the defendant committed the lesser offense but not the greater (CPL 300.50, subd 1; *People v Asan,* 22 NY2d 526, 529–530; *People v Smith,* 47 AD2d 909). Under the circumstances disclosed by the record in the instant case, and upon a reasonable interpretation of the evidence, the defendant could have been found guilty of assault in the third degree. The trial court's refusal to charge the lesser crime was thus error requiring reversal and a new trial. Hopkins, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.