STATE of Maine

v.

**David A. GAGNON.**

Supreme Judicial Court of Maine.

Nov. 10, 1977.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Michael Messerschmidt, Law Student (orally), Portland, for plaintiff.

Brian R. Olson, North Windham (orally), for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

The defendant was indicted for violating 17–A M.R.S.A. §§ 651(1)(C), (D), (E)[1] (Robbery), demanded and received a jury trial, which resulted in his conviction from which he has appealed.

We deny the appeal.

During the early morning hours of August 11, 1976, two men entered a variety store in Portland. The sole clerk therein was struck twice on the head with a tire iron, felled to the floor, and threatened with further physical injury if he interfered with the conduct of the two men, one of whom removed money from the cash register and the other seized several cartons of cigarettes. Both men then fled and joined several companions waiting in a car parked adjacent to the store. This car then proceeded over a bridge to South Portland, in the process of which the tire iron was thrown into the ocean.

Two of the occupants of this car testified at the trial and described the planning of the robbery by the appellant and one Eugene Edward Gilliam. They also placed the tire iron in the possession of the appellant, both when he left the vehicle prior to the robbery and upon his return subsequent

[1] "1. A person is guilty of robbery if he commits or attempts to commit theft and at the time of his actions:

A. He recklessly inflicts bodily injury on another;

B. He threatens to use force against any person present with the intent
(1) to prevent or overcome resistance to the taking of the property, or to the retention of the property immediately after the taking; or
(2) to compel the person in control of the property to give it up or to engage in other conduct which aids in the taking or carrying away of the property;

C. He uses physical force on another with the intent enumerated in paragraph B, subparagraphs (1) or (2),

D. He intentionally inflicts or attempts to inflict bodily injury on another; or

E. He or an accomplice to his knowledge is armed with a dangerous weapon in the course of a robbery as defined in paragraphs A through D."

17–A M.R.S.A. §§ 651(1)(A), (B), (C), (D), (E).

thereto. Additionally, they testified that appellant had certain cartons of cigarettes in his possession on returning to the car, and that Gagnon and Gilliam, in their presence, participated in a division of the cash proceeds from the robbery.

The victim of the robbery positively identified Gilliam[2] but at trial the victim was unable to make a similar identification of the defendant. When asked to identify the defendant, his testimony was, "I'm not sure."

### I

■ At a pre-trial conference appellant's counsel objected to prospective in-court identification testimony by the victim since another person, who was said to resemble the appellant and who was in the automobile at the time of the robbery, could not be present at the trial. Although the appellant urges the denial of this request constituted a "Wade-Gilbert" violation,[3] we fail to see the significance of this argument. The victim had not identified the defendant at any pre-trial proceeding nor did he do so in court during trial. The identification evidence came from the defendant's two other companions, both of whom overheard the planning of the robbery by appellant and Gilliam, participated in the "get-away" and the disposing of the tire iron, and witnessed a division of the proceeds. One of the witnesses was a young lady who was particularly well acquainted with the appellant and testified that "I was going with him until this happened." The other was a young man who had met the appellant before and was with him several hours on the day of the robbery.

This point is without merit.

---

**2.** In a separate proceeding Gilliam pleaded guilty to an indictment charging the identical robbery.

**3.** *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

### II

■ Although the Justice presiding was not requested to do so, appellant now argues that it was error not to have instructed the jury that, under the indictment, it might find the appellant guilty of the lesser offenses of assault and aggravated assault. Additionally, at the conclusion of the charge appellant's counsel failed to register any objection to the instructions as given, as mandated by Rule 30(b), M.R.Crim.P. It is thus clear that this point has not been preserved for appellate review. *State v. Pomerleau*, 363 A.2d 692, 698 (Me.1976).

Under such circumstances (*assuming without deciding or conceding any legal entitlement to the instruction*)[4] the defendant has the affirmative burden of satisfying this Court that the

"failure to give the instruction resulted in manifest injustice such as virtually to deprive the Defendant of a fair trial."

*State v. Northup*, 318 A.2d 489, 499 (Me. 1974).

Furthermore, the Maine Criminal Code makes it plain beyond debate that such an instruction is mandated only if in the judgment of the presiding justice a "rational basis" exists underlying the need therefor.

17–A M.R.S.A. § 13(2) provides:

"The court is not required to instruct the jury concerning a lesser offense, unless on the basis of the evidence there is a rational basis for the jury finding the defendant guilty of such lesser offense."

■ The preliminary question is whether, on the facts of this record, a rational jury could have determined that the appellant was guilty of assaulting the robbery victim but not guilty of the robbery itself. As we view the evidence, such a conclusion could

---

**4.** It should not be assumed that, given a proper case, this Court would hold that assault (17–A M.R.S.A. § 207(1)) or aggravated assault (17–A M.R.S.A. §§ 208(1)(A), (B), (C)) are lesser included offenses within the crime of robbery. The facts here do not compel a discussion of the applicability of the legal principles enunciated in *State v. Leeman*, 291 A.2d 709 (Me. 1972), to situations arising under the new Maine Criminal Code.

only be reached by absolutely ignoring the uncontradicted testimony of the State's witnesses, since no defense evidence was offered. The fact of the robbery itself, in which two persons actively participated, cannot be denied. The jury accepted as credible and believable the testimony of the two persons who were in the car and identified the appellant as one of the participants. Nothing in the record in this case suggests that defendant did not have a fair trial.

The entry is:

Appeal denied.

Judgment affirmed.

All Justices concurring.