■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN R. ELLIS, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered March 19, 1976, upon a verdict convicting defendant of the crime of robbery in the second degeee and sentencing him to an indeterminate term of imprisonment not to exceed nine years. As a result of an incident in the City of Elmira on October 12, 1975 wherein defendant allegedly aided another person in forcibly stealing property from one Ernest Rondeau, defendant was indicted for the crime of robbery in the second degree in violation of subdivision 1 of section 160.10 of the Penal Law. Following a jury trial, he was ultimately convicted as charged and sentenced to an indeterminate term of imprisonment not to exceed nine years. This appeal ensued. The first question presented for our review is whether

or not the trial court erred in refusing to charge assault in the third degree (Penal Law, § 120.00) as a lesser included offense of robbery in the second degree, and we hold that it did not. Although assault in the third degree might well be a lesser included offense of robbery in the second degree as the latter crime is set forth in section 160.10 (subd 2, par [a]) of the Penal Law (cf. *People v Cole*, 43 AD2d 324), it is plainly not a lesser included offense of robbery in the second degree under subdivision 1 of section 160.10 of the Penal Law because proof of the assault charge would require proof of elements, including physical injury to another person, not required by a robbery charge under subdivision 1 (*People v Acevedo*, 40 NY2d 701; *People v Graham*, 57 AD2d 478). Defendant's remaining contentions are similarly without merit. There is ample evidence upon which the jury could conclude that defendant intentionally aided another person actually present in the forcible robbery of Ernest Rondeau and, accordingly, the guilty verdict was not against the weight of the evidence (see Penal Law, § 20.00). Similarly, the sentence imposed was well within the statutory maximum for the class C felony conviction (Penal Law, § 70.00, subd 2, par [c]), and there was no "clear abuse of discretion" in the imposition thereof which would warrant our modification of the nine-year term (*People v Wood*, 57 AD2d 663; *People v Dittmar*, 41 AD2d 788). Judgment affirmed. Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.