1998 ME 219

**STATE of Maine**

v.

**Donald BOYCE.**

Supreme Judicial Court of Maine.

Argued Sept. 11, 1998.

Decided Sept. 30, 1998.

Andrew Ketterer, Attorney General, Nancy Torreson (orally), Donald W. Macomber, William Stokes, Asst. Attys. Gen., Augusta, for the State.

Eugene J. McLaughlin, Jr. (orally), Presque Isle, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

SAUFLEY, Justice.

[¶ 1] Donald Boyce appeals from the judgment of conviction entered in the Superior Court (Aroostook County, *Pierson, J.*) on a jury verdict finding him guilty of depraved indifference murder, 17–A M.R.S.A. § 201(1)(B) (1983), terrorizing with the use of a dangerous weapon, 17–A M.R.S.A. § 210(1)(A)(1983), and possession of a firearm by a felon, 15 M.R.S.A. § 393(1) (Supp. 1997).[1] Boyce contends that the court erred when it refused to instruct the jury on reckless conduct with a dangerous weapon as a lesser included offense to depraved indifference murder. *See* 17–A M.R.S.A. § 211(1) (1983). Boyce also argues, inter alia, that the trial court erred when it refused to give defense counsel the opportunity to cross-examine a juror who Boyce alleged was biased against him and erred when it denied his motion for recusal. We affirm the judgment.

## I. Facts

[¶ 2] Sean Bither was killed when Boyce shot him in the head at point blank range during a drunken approximation of Russian roulette. In the hours before Bither's death, Boyce, who was highly intoxicated, had impulsively and carelessly fired the pistol approximately thirty times while inside his house and in the presence of many other people. After the incident, Boyce admitted to the arresting officer that he shot Bither in the head.

## II. Lesser Included Offense

[¶ 3] Boyce first argues that the trial court erred when it declined to instruct the jury that it was required to consider reckless conduct with a dangerous weapon as a lesser included offense of depraved indifference murder. "[A] lesser included offense is an offense carrying a lesser penalty which ... [a]s legally defined, *must necessarily be committed* when the offense or alternative thereof actually charged, as legally defined, is committed." 17–A M.R.S.A. § 13–A(2)(A)

1. The trial court sentenced Boyce to forty years for the crime of depraved indifference murder, and to concurrent sentences of five years each for the crimes of terrorizing with a dangerous weapon and possession of a firearm by a felon. Boyce's application for leave to appeal the sentence was denied on January 15, 1998.

(1983) (emphasis added). This definition includes offenses that, in addition, require a "culpable state of mind ... which is different than that charged but which results in lesser criminal liability." 17–A M.R.S.A. § 13–A(2)(B) (1983).[2]

▮ [¶ 4] We have previously held that reckless conduct, which requires affirmative proof that the defendant acted recklessly,[3] is not a lesser included offense of depraved indifference murder because depraved indifference murder "requires no evidence whatever of the defendant's *subjective* state of mind."[4] *State v. Goodall*, 407 A.2d 268, 280 (Me.1979). Although we did not rely on the statutory definition of "lesser included offense" in *Goodall*,[5] the *Goodall* analysis nonetheless remains valid. Section 13–A(2)(B) of the Maine Criminal Code provides that a lesser included offense may contain a "different" culpable state of mind than the primary charge. This reference to a "different" culpable state of mind, however, inherently presumes that the primary offense charged also requires proof of a culpable state of mind. A lesser offense that does require proof of a culpable state of mind, therefore, is not "necessarily committed" when a greater offense that does not require proof of a culpable state of mind is committed.

▮ [¶ 5] Simply stated, a charge that does not require proof of any culpable state of mind cannot have as a lesser included offense any charge that does require such proof because the lesser offense would require proof of an element not contained in the primary charge—the *mens rea*. Accordingly, because it is theoretically possible to commit depraved indifference murder without acting with the reckless state of mind that must be proven for a reckless conduct charge, reckless conduct cannot be a lesser included offense of depraved indifference murder. The court properly refused to give the requested instruction.

### III.  Allegation of Juror Bias

▮ [¶ 6] Boyce also argues that the trial court erred when it denied his motion for a new trial. Boyce's primary contention in that motion was his claim that the court erred in refusing to allow defense counsel the opportunity to cross-examine a juror who Boyce alleged was biased against him. Following Boyce's allegations of juror bias and misconduct, the trial court properly excluded Boyce's proffered evidence regarding juror deliberations but accepted Boyce's amended proffer regarding the alleged bias of one juror. M.R. Evid 606(b). See *Taylor v. Lapomarda*, 1997 ME 216, ¶ 6, 702 A.2d 685, 687.

▮ [¶ 7] The court then conducted an *in camera* interview of the challenged juror to inquire as to the alleged basis for bias. See *State v. Royal*, 590 A.2d 523, 525 (Me. 1990). The decision to interview the juror in a recorded in camera conference was well within the trial court's discretion. See *State v. St. Pierre*, 1997 ME 107, ¶¶ 10–11, 693 A.2d 1137, 1140. During the interview, the court had the opportunity to assess the challenged juror's credibility and found that the allegations of bias were unfounded. The determination of credibility in such circumstances is a matter solely within the province

---

2. In addition, the factfinder may only consider a lesser included offense as an alternative to that with which the defendant is charged if "there is a rational basis for finding the defendant guilty of that lesser included offense." 17–A M.R.S.A. § 13–A(1) (1983). Because we conclude that reckless conduct with a dangerous weapon is not a lesser included offense of depraved indifference murder, we do not reach Boyce's argument that the evidence provided a rational basis for finding him guilty of reckless conduct with a dangerous weapon.

3. A person engages in reckless conduct when he "recklessly creates a substantial risk of serious bodily injury to another person." 17–A M.R.S.A.

§ 211(1). "A person acts recklessly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result." 17–A M.R.S.A. § 35 (1983).

4. A person engages in depraved indifference murder if he "engages in conduct which manifests a depraved indifference to the value of human life and which in fact causes the death of another human being." 17–A M.R.S.A. § 201(1)(B).

5. Section 13–A became effective on September 14, 1979. See P.L.1979, ch. 512, §§ 21, 45. *Goodall* was decided on October 22, 1979.

of the trial judge, and we therefore give substantial deference to the court's ultimate decision regarding the juror's impartiality or lack thereof. See *State v. Mair*, 670 A.2d 910, 912–13 (Me.1996) (quoting *State v. Wright*, 662 A.2d 198, 201 (Me.1995)). We discern no error in the court's conclusion here.

### IV. Motion for Recusal

[¶ 8] Boyce next contends that the court erred when it denied his pretrial motion for recusal. In that motion, Boyce alleged that the trial justice was biased because he had previously entered a contempt order against Boyce in an unrelated civil proceeding. As we have made clear, information gained or opinions formed by a trial judge based on events or facts presented in the same or other judicial proceedings do not constitute a basis for recusal except in the extraordinary circumstances that demonstrate a " 'deep-seated favoritism or antagonism that would make fair judgment *impossible.*' " *State v. Rameau*, 685 A.2d 761, 763 (Me.1996) (quoting *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)) (emphasis added). No such circumstances were demonstrated here. Indeed, Boyce concedes that he failed to obey a direct order of the court in the separate matter that formed the basis of his motion. We find no error in the court's denial of the motion for recusal.

[¶ 9] Finally, Boyce's other contentions are without merit.

Therefore, the entry is:

Judgment affirmed.

