2007 ME 115

**STATE of Maine**

v.

**Jason L. STEWART.**

Supreme Judicial Court of Maine.

Submitted on Briefs: May 2, 2007.

Decided: Aug. 16, 2007.

Geoffrey A. Rushlau, District Attorney, Andrew B. Wright, Asst. Dist. Atty., Wiscasset, for State.

William M. Avantaggio, William Avantaggio, P.A., Damariscotta, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and MEAD, JJ.

Majority: CLIFFORD, LEVY, SILVER, and MEAD, JJ.

Dissent: SAUFLEY, C.J. and ALEXANDER, J.

LEVY, J.

[¶ 1] This appeal presents the question of whether the crimes of aggravated assault (Class B), 17–A M.R.S. § 208(1)(C) (2006), and assault (Class D), 17–A M.R.S. § 207(1)(A) (2006), are lesser-included offenses of the crime of elevated aggravated assault (Class A), 17–A M.R.S. § 208–B(1)(B) (2006). It arises from the judgment of conviction entered against Jason L. Stewart for aggravated assault entered in the Superior Court (Lincoln County, *Marden, J.*) after a jury trial. Stewart was indicted on a single count of elevated aggravated assault, and he contends that the court erred in instructing the jury that aggravated assault and assault are lesser-included offenses of the charge of elevated aggravated assault. We conclude that the crime of aggravated assault pursuant to section 208(1)(C) for which Stewart was convicted is not a lesser-included offense of the crime of elevated aggravated assault pursuant to section 208–B(1)(B) for which Stewart was tried, and we therefore vacate his conviction.

## I. BACKGROUND

[¶ 2] Viewed in the light most favorable to the jury's verdict, the evidence established that on February 12, 2006, Stewart attacked another man from behind with an iron bar, striking him on the hand and arm, and two or three times on the head. The attack occurred outside the Waldoboro home Stewart shared with his girlfriend. The victim and his wife had accompanied Stewart's girlfriend to the home to assist her in her effort to end her relationship with Stewart. The victim was taken to the hospital by ambulance, where it was determined that he had several crushed bones in his hand requiring pins and rods, a cut forearm muscle, and a gash in his head requiring eleven staples.

[¶ 3] Stewart was charged by indictment with elevated aggravated assault, 17–A M.R.S. § 208–B(1)(B), and a two-day jury trial was held in September 2006. At the close of the evidence, counsel met with the court to discuss whether a lesser-included offense instruction should be given to the jury for aggravated assault and assault. The court, acknowledging that "the law is less than clear in regard to this," gave the instruction over Stewart's objection. The jury was then given a verdict form listing all three offenses in succession.

[¶ 4] The jury returned a verdict of not guilty with respect to elevated aggravated assault, but found Stewart guilty of aggravated assault, and therefore, did not reach the assault charge. Stewart filed this appeal, raising the trial court's lesser-included offense instruction as his sole claim of error.

## II. LEGAL ANALYSIS

[¶ 5] A person is guilty of the crime of elevated aggravated assault if that person:

**A.** Intentionally or knowingly causes serious bodily injury to another person with the use of a dangerous weapon;

**B.** Engages in conduct that *manifests a depraved indifference to the value of human life* and that in fact causes serious bodily injury to another person with the use of a dangerous weapon; or

**C.** With terroristic intent engages in conduct that in fact causes serious bodily injury to another person.

17–A M.R.S. § 208–B(1) (emphasis added). As previously noted, Stewart was charged under subsection (B) as having acted with

depraved indifference to the value of human life.

[¶ 6] The crimes of aggravated assault and assault do not require proof of "a depraved indifference to the value of human life," but require proof that the defendant acted intentionally, knowingly, or recklessly.[1] Stewart contends that the court erred in instructing the jury on lesser-included forms of assault when he was charged with elevated aggravated assault pursuant to subsection (B) of section 208–B(1), because proof that a defendant acted with depraved indifference does not necessarily establish that a defendant acted intentionally, knowingly, or recklessly.[2]

■ [¶ 7] We review jury instructions in their entirety to determine whether they accurately stated the law to the jury, "taking into consideration the total effect created by all the instructions and the potential for juror misunderstanding." *State v. Varney,* 641 A.2d 185, 187 (Me.1994) (quotation marks omitted).

[¶ 8] A lesser-included offense is an offense carrying a lesser penalty that:

**A.** As legally defined, must necessarily be committed when the offense or alternative thereof actually charged, as legally defined, is committed. If the lesser offense is defined in a manner that it may be committed in alternative ways, each alternative which meets the above definition shall be deemed to be a lesser-included offense. . . .

**B.** Meets the requirements of paragraph A, except that a culpable state of mind is required which is different than that charged but which results in lesser criminal liability; or

---

1. The aggravated assault statute provides in pertinent part:

   1. A person is guilty of aggravated assault if he intentionally, knowingly, or recklessly causes:
   **A.** Serious bodily injury to another; or
   **B.** Bodily injury to another with use of a dangerous weapon; or
   **C.** Bodily injury to another under circumstances manifesting extreme indifference to the value of human life.
   17–A M.R.S. § 208(1) (2006).
   The assault statute provides in relevant part:
   1. A person is guilty of assault if:
   **A.** The person intentionally, knowingly or recklessly causes bodily injury or offensive physical contact to another person. Violation of this paragraph is a Class D crime; or
   **B.** The person has attained at least 18 years of age and intentionally, knowingly or recklessly causes bodily injury to another person who is less than 6 years of age. Violation of this paragraph is a Class C crime.
   17–A M.R.S. § 207(1) (2006).

2. The dissenting opinion contends that the trial court's addition of an intentional or knowing mens rea requirement in its jury instruction defining elevated aggravated assault pursuant to 17–A M.R.S. § 208–B(1)(B) (2006), legitimized the court's lesser-included offense instructions for aggravated assault and assault. The trial court gave an erroneous jury instruction on the elements of elevated aggravated assault pursuant to subsection (B) by instructing the jury that for Stewart to be found guilty, the jury must find that he acted intentionally or knowingly, in addition to finding that his conduct manifested a depraved indifference to the value of human life. Stewart did not object to this instruction at trial and does not raise a claim of obvious error on appeal.

   Based on the jury instructions, the dissent reasons that because all three crimes contained the same intentional or knowing mens rea requirements, the lesser-included offense instructions for aggravated assault and assault were proper. The problem with this approach is that a trial court cannot erroneously expand the elements of the crime charged so as to bring within its ambit lesser-included crimes that, as defined by the Legislature, do not otherwise qualify as lesser-included crimes. For this reason, the erroneous jury instruction given in this case regarding the elements of the crime of elevated aggravated assault pursuant to 17–A M.R.S. § 208–B(1)(B) does not affect our analysis of whether the trial court's lesser-included offense instructions were proper.

C. Is by statute expressly declared to be charged when the greater offense is charged.

17–A M.R.S. § 13–A(2) (2006).

■ [¶ 9] In *State v. Boyce,* 1998 ME 219, ¶ 4, 718 A.2d 1097, 1099, we interpreted the "different" culpable state of mind reference in subsection (B) to require that the primary offense charged must require proof of a culpable state of mind. "A lesser offense that does require proof of a culpable state of mind, therefore, is not 'necessarily committed' when a greater offense that does not require proof of a culpable state of mind is committed." *Id.*

■ [¶ 10] The "depraved indifference to the value of human life" state of mind required in a prosecution for elevated aggravated assault, 17–A M.R.S. § 208–B(1)(B), is not a culpable mental state as that term is used in our Criminal Code. *See State v. Goodall,* 407 A.2d 268, 279–80 & n. 18 (Me.1979) (interpreting identical language in depraved indifference murder statute). This is so because the State is not required to prove that the defendant was subjectively indifferent to the value of human life, but rather that his or her conduct, objectively viewed by a reasonable person, manifested a depraved indifference to the value of human life. *See id.* at 279; *see also State v. Woodbury,* 403 A.2d 1166, 1171–73 (Me.1979). In contrast, the crimes of aggravated assault, 17–A M.R.S. § 208, and assault, 17–A M.R.S. § 207, both require proof that the defendant's actions were intentional, knowing, or reckless. Accordingly, in *Boyce,* we concluded that the trial court had properly refused to give a lesser-included offense instruction of reckless conduct to a charge of depraved indifference murder because "a charge that does not require proof of any culpable state of mind cannot have as a lesser included offense any charge that does require such proof because the lesser offense would require proof of an element not contained in the primary charge—the *mens rea.*" 1998 ME 219, ¶ 5, 718 A.2d at 1099.

[¶ 11] The State makes four arguments in support of its position that assault and aggravated assault are properly lesser-included offenses to an elevated aggravated assault charge pursuant to section 208–B(1)(B). First, the State contends that our reasoning in *Goodall, Woodbury,* and *Boyce* do not apply in the present case because those cases dealt with depraved indifference murder instead of assault. However, if there existed any doubt as to the implications of *Goodall* and *Woodbury,* this was clarified in *Boyce,* where we stated in broad language that *any* charge that does not require proof of a culpable state of mind cannot have as a lesser-included offense a charge that requires a mens rea. *Boyce,* 1998 ME 219, ¶ 5, 718 A.2d at 1099; *see also State v. Ashley,* 490 A.2d 226, 229 (Me.1985) (stating that assault is not a lesser-included offense for gross sexual misconduct involving a minor because the legal definition of assault includes a required mens rea, whereas gross sexual misconduct involving a minor requires no mens rea); *State v. Worrey,* 322 A.2d 73, 79–81 (Me.1974) (holding that assault and assault with intent to rape are not lesser-included offenses for statutory rape for the same reasons).

■ [¶ 12] Second, the State contends that the assault crimes contained in the Maine Criminal Code are more closely connected to one another than are the crime of depraved indifference murder and its potential lesser-included offenses considered in *Boyce.* This argument fails to account for the fact that the similarity of crimes is not dispositive in determining whether one crime is a lesser-included offense of another. What matters are the statutory definitions, and whether, by committing the greater crime, the lesser crime has "necessarily" been committed as well.

17-A M.R.S. § 13-A(2)(A). Where the statutory definitions of the crimes are similar, but the greater requires no mens rea and the lesser requires a mens rea, the lesser crime is not a lesser-included offense, regardless of how similar the crimes are otherwise.

[¶ 13] Third, relying on *State v. Carmichael,* 405 A.2d 732 (Me.1979), the State contends that because there is a manner of commission of the greater crime of elevated aggravated assault that requires intentional or knowing conduct, *see* 17-A M.R.S. § 208-B(1)(A), then the crimes of assault and aggravated assault, which require the same mens rea, are properly lesser-included offenses.

[¶ 14] In *Carmichael,* we held that where a defendant was charged with intentionally and knowingly causing serious bodily injury to another pursuant to the aggravated assault statute, the type of simple assault in which bodily injury results could be a lesser-included offense, whereas the type of assault involving merely offensive physical contact without bodily injury could not. 405 A.2d at 734-35. Both types of simple assault required an intentional, knowing, or reckless mens rea. *Id.* at 734. Therefore, *Carmichael* stands for the proposition that where a lesser crime has two types, one of which matches the greater offense, *including the mens rea elements,* the type of the lesser crime that matches can be a lesser-included offense, even if the other cannot. This view comports with our current statute, section 13-A(2)(A): "If the lesser offense is defined in a manner that it may be committed in alternative ways, each alternative which meets the above definition shall be deemed to be a lesser included offense." *Carmichael* does not stand for the proposition that if any of the types of a greater crime match a lesser-included offense, regardless of what type the defendant was actually *charged* under, then a lesser-included offense instruction is proper.

[¶ 15] The State's final argument is an appeal to common sense based on the statutory hierarchy of the assault crimes in the Maine Criminal Code. The State urges us to consider that the various types of assault are all basically the same, and the only practical difference is the progressive severity of harm inflicted on the victim, making the less severe crimes necessarily included in the greater crime. Although this argument has appeal, it is nonetheless unpersuasive in the face of section 13-A and our decisions establishing that if a greater crime requires no mens rea proof, a less serious crime requiring such proof cannot be a lesser-included offense because it is not necessarily committed when the greater crime is committed.

[¶ 16] Elevated aggravated assault pursuant to section 208-B(1)(B), aggravated assault, and simple assault all may be of the same genus, but they are different species of crimes. The State might have, but chose not to proceed against Stewart for elevated aggravated assault under subsection (A) of section 208-B(1), in which case aggravated assault and assault would have been lesser-included offenses. Because aggravated assault and assault are not lesser-included offenses of elevated aggravated assault pursuant to subsection (B) of section 208-B(1), the court's instruction in this case was in error, and Stewart's judgment of conviction must be vacated and this matter remanded for entry of judgment of acquittal.

The entry is:

Judgment vacated and remanded for entry of judgment of acquittal.

ALEXANDER, J., with whom SAUFLEY, C.J., joins, dissenting.

[¶ 17] I respectfully dissent. The crime at issue here, elevated aggravated assault,

17–A M.R.S. § 208–B. (2006), was adopted by the Legislature to address conduct that was more severe-"elevated"-than the conduct addressed by the standard aggravated assault law, 17–A M.R.S. § 208 (2006). Elevated aggravated assault is a Class A crime. Aggravated assault is a Class B crime.

[¶ 18] We regularly say that "[o]ur primary purpose in interpreting a statute is to give effect to the intent of the Legislature." *Maine Ass'n of Health Plans v. Superintendent of Ins.*, 2007 ME 69, ¶ 34, 923 A.2d 918, 928; *Arsenault v. Sec'y of State*, 2006 ME 111, ¶ 11, 905 A.2d 285, 288. Our Legislature's intent that one statute be a lesser-included offense of the other is confirmed by looking to the narrow distinction between the proscribed conduct in elevated aggravated assault, "conduct that manifests a depraved indifference to the value of human life," section 208–B(1)(B), and the proscribed conduct in aggravated assault, causing bodily injury under circumstances "manifesting extreme indifference to the value of human life," section 208(1)(C).

[¶ 19] It is inconsistent with our Legislature's evident purpose for the Court to hold that aggravated assault is not a lesser-included offense of elevated aggravated assault. Such is particularly the case here where, without objection from either party, the court, in its jury instructions describing elevated aggravated assault, outlined the elements of the charge with the "depraved indifference" alternative, and then instructed the jury that in order to find the defendant guilty, the jury would have to find that "in this case, the conduct itself must have ... been done either intentionally or knowingly."

[¶ 20] As part of its description of the elements of the offense of elevated aggravated assault, the court then proceeded to define intentionally and knowingly as those terms are defined in the Criminal Code,

17–A M.R.S. § 35(1), (2) (2006). With that instruction, the court effectively advised the jury that they could find Stewart guilty only if the jury found that Stewart acted with depraved indifference and acted intentionally or knowingly, the alternative to prove guilt under section 208–B(1)(A).

[¶ 21] This instruction added a requirement that the State prove intentional or knowing conduct that, as the Court correctly states, is not an element required to prove elevated aggravated assault. Stewart benefited by the court imposing this additional element of proof.

[¶ 22] The Court confirmed this instruction when it defined the lesser-included offense of aggravated assault by referring back to the definitions of intentionally or knowingly given in the elevated aggravated assault instructions. In distinguishing aggravated assault from elevated aggravated assault, the court advised the jury, "Now, note in aggravated assault it also includes, must be done intentionally or knowingly. That's the culpable state of mind that you must find with respect to the defendant. But, it also includes the term recklessly. Aggravated assault can also be committed recklessly." The court then proceeded to define recklessly in accordance with 17–A M.R.S. § 35(3) (2006).

[¶ 23] With the crimes defined as they were, it is entirely possible that the jury determined that all of the elements of elevated aggravated assault were proved beyond a reasonable doubt except for the intentional or knowing element added by the court. The jury may have concluded that the State had proved that Stewart acted recklessly rather than intentionally or knowingly and found him guilty of aggravated assault on that basis.

[¶ 24] As the elevated aggravated assault charge was presented to the jury, aggravated assault is a lesser-included offense pursuant to 17–A M.R.S. § 13–A(2)

(2006) under either the "necessarily be committed" language of subparagraph (A) or the lesser "culpable state of mind" language of subparagraph (B), quoted in the Court's opinion.

[¶ 25] Here, the jury was instructed that elevated aggravated assault has a mens rea element. With the jury so instructed, the precedent focused on by the Court, *State v. Boyce*, 1998 ME 219, ¶ 4, 718 A.2d 1097, 1099, (a lesser-included offense that does require proof of a culpable state of mind, is not necessarily committed when a greater offense that does not require proof of a culpable state of mind is committed) is not on point. The jury was instructed that both elevated aggravated assault, section 208–B, and aggravated assault, section 208, can be committed with a culpable state of mind. As presented here, aggravated assault is a lesser-included offense of elevated aggravated assault. The fact that the trial court added to the elevated aggravated assault charge a mens rea element that is not required to support a conviction, should not result in Stewart's acquittal and allow him to go free because the jury may have decided that the added mens rea element was not proved. I would affirm the conviction.