MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2017 ME 169
Docket:      Yor-16-490
Argued:      May 10, 2017
Decided:     July 27, 2017

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

THOMAS A. PROIA

HJELM, J.

[¶1]  Thomas A. Proia appeals from a judgment entered in the trial court (York County, *Douglas, J.*) after a jury-waived trial, convicting him of a number of charges, including crimes of violence, arising from an incident where he engaged in conduct while affected by a distorted view of reality.  Proia contends that the court erred in its application of the statutory principle of abnormal condition of the mind, *see* 17-A M.R.S. § 38 (2016), and that the evidence was insufficient for the court to find beyond a reasonable doubt that he acted with the culpable states of mind necessary to commit the crimes for which he was convicted.[1]  Finding no error, we affirm the judgment.

---

[1]  The State separately argues that the court erred when it declined to order Proia to produce a copy of a report prepared by one of his psychological expert witnesses.  The plain terms of M.R.U. Crim. P. 16A(b)(2)(B) entitle the State to obtain a copy of a defense expert's report only when the

## I. BACKGROUND

[¶2]  The following facts found by the court bear on the issues relevant to this appeal and are supported by the evidence.  *See State v. Jones*, 2012 ME 88, ¶ 6, 46 A.3d 1125.

[¶3]  On October 19, 2015, while running an errand, Proia developed increasingly paranoid and delusional beliefs that he was being followed and was in danger.  He returned to his residence, where another family member was present, and he retrieved two assault rifles from the attic.  He gave one firearm to the family member, kept the other, and proceeded to fire approximately thirty rounds in various directions from both inside and outside the home.  When he left the house to search in the nearby woods for "demons" that he thought he may have shot, the family member remained inside and, after retreating to an upstairs bathroom, called 9-1-1.

[¶4]  Still in an agitated state, Proia returned to the house, entered the bathroom without the firearm, and told the family member that they were both being threatened by people outside.  The 9-1-1 call was terminated at some point, but a dispatcher called back when Proia was lying on top of the

---

defendant possesses the report *and* "intends to introduce [it] as evidence in any proceeding." Because Proia made clear before trial that he did not intend to—and in fact did not—offer the report in evidence, the State's argument is without merit.

family member in the bathroom, ostensibly as protection from the perceived threat. The recording of the return call from the dispatcher captured the sounds of a struggle and of Proia yelling as he prepared to commit sexual assault on the family member. The family member was able to escape by running outside and was eventually taken to safety by a responding police officer.

[¶5] Proia then went to a neighbor's property, where he and the occupants of the neighbor's house saw each other through a window. Proia threw a rock through the window, resulting in a laceration to the chest and shoulder of one of the residents. Another neighbor called the police because Proia had also broken one of the windows in that neighbor's house. Police arrived at the scene and ordered Proia to the ground, but he did not comply. Officers twice used a Taser in an attempt to subdue Proia. Even then and after being handcuffed, Proia continued to struggle. He was speaking rapidly and had a frothy substance around his mouth. The officers took Proia to a hospital, where he remained agitated until he was sedated.

[¶6] After being charged initially by complaint, Proia was indicted for the ten counts described below and pleaded not guilty to all charges. At a two-day bench trial held in August 2016, the evidence included the testimony

4

of two expert psychological witnesses presented by Proia and Proia's own testimony.  Proia did not plead not guilty by reason of insanity, *see* 17-A M.R.S. § 39 (2016), but instead challenged the State's proof of his mens rea.  At the conclusion of the trial, the court made extensive oral findings of fact and found Proia guilty of seven of the ten charges: domestic violence reckless conduct with a dangerous weapon, namely, a firearm, (Class C), 17-A M.R.S. §§ 211-A(1)(A), 1252(4) (2016); aggravated assault (Class B), 17-A M.R.S. § 208(1)(B) (2016); two counts of attempted gross sexual assault (Class B), 17-A M.R.S. §§ 152(1)(B), 253(1)(B) (2016);[2] domestic violence assault (Class D), 17-A M.R.S. § 207-A(1)(A) (2016); endangering the welfare of a child (Class D), 17-A M.R.S. §§ 554(1)(C), 1201(1)(A-1)(2) (2016); and criminal mischief (Class D), 17-A M.R.S. § 806(1)(A) (2016).  For reasons unrelated to Proia's state of mind, the court acquitted Proia of the remaining three charges: reckless conduct with the use of a dangerous weapon (Class C), 17-A M.R.S. §§ 211(1), 1252(4) (2016); unlawful trafficking in scheduled drugs (Class C), 17-A M.R.S. § 1103(1-A)(E) (2016); and refusing to submit to arrest (Class D), 17-A M.R.S. § 751-B(1)(B) (2016).

---

[2]  Because the two charges of attempted gross sexual assault arose from the same criminal act, the court correctly merged the counts so that Proia ultimately was convicted of only one count.  *See State v. Murphy*, 2015 ME 62, ¶ 28, 124 A.3d 647.

[¶7]  In its findings, the court stated that "[t]here is clearly evidence in this case that is relevant to the defense of abnormal condition of the mind . . . including [Proia's] extreme anxiety, paranoia, delusions, agitated speech, [and] so forth, [which] reflect that he was experiencing some sort of agitated condition and a distorted perception of reality."  Framing the legal issue, the court stated that

> even though an individual may be operating under an impaired or altered perception of reality or other irrational mode of thinking at the time of an incident, the question is whether that condition, the abnormal condition of the mind, the mental disease or defect, however it's termed, whether that condition negated, prevented the formation of the required culpable state of mind, and it is the State's obligation to prove beyond a reasonable doubt the required state of mind even though a defendant may be experiencing an abnormal condition of the mind.

[¶8]  Addressing the pending counts, the court made findings regarding the charge of domestic violence reckless conduct with a dangerous weapon, which was based on Proia's discharge of a firearm within the house where the family member was present.  Those findings provided context for the findings relating to a number of the other charges on which the court found Proia guilty.  The court stated:

> [I]t is clear that [Proia] was experiencing some sort of abnormal condition, distortion of reality[;] however, within whatever he was experiencing in that moment he made some

6

decisions, he took some actions, he was aware I believe of the consequences of those actions.

He believed he was being followed, he believed people were out to get him, he wanted to defend himself, he did what a person might do in a situation where they feel threatened and that is to go get something to defend themselves with and that's what he did, he went and got a gun.

[¶9]  The court found that the State had proved that during the incident, Proia acted with knowledge that a firearm could "dispel a threat" and could injure or kill someone, and that he discharged the weapon for the purpose of eliminating what he perceived as a threat.  The court similarly found that the State had proven the culpable states of mind that constituted elements of the other charges of which the court ultimately found Proia guilty.

[¶10]  At the sentencing hearing, the court imposed a series of concurrent sentences that resulted in five years' imprisonment, with all but twenty-one months suspended, to be followed by four years of probation. Proia appealed.

## II. DISCUSSION

[¶11]  Each of the charges for which Proia was convicted includes a particular culpable state of mind that the State was required to prove beyond

a reasonable doubt.[3] Proia argues on appeal that the court incorrectly interpreted section 38 as that statute applies to the evidence of his mental condition, and that the evidence of Proia's mental abnormality foreclosed any determination that he acted with the culpability necessary to be found guilty of any of the charges.

[¶12] We review de novo the trial court's interpretation of a statute. *State v. Kendall*, 2016 ME 147, ¶ 14, 148 A.3d 1230. Then, "[w]hen determining whether the record contained enough evidence to support a criminal defendant's conviction, we view the evidence in the light most favorable to the State to determine whether the fact-finder could rationally find every element of the offense beyond a reasonable doubt." *State v. Sanchez*, 2014 ME 50, ¶ 8, 89 A.3d 1084 (quotation marks omitted).

[¶13] Title 17-A M.R.S. § 38 provides, "Evidence of an abnormal condition of the mind may raise a reasonable doubt as to the existence of a required culpable state of mind." As the court correctly observed in its analysis, the existence of an abnormal state of mind is not itself determinative of any legal issue governed by section 38. *See State v. Graham*, 2015 ME 35,

---

[3] The crime of gross sexual assault does not contain a mens rea element. *See* 17-A M.R.S. § 253 (2016); *State v. Stewart*, 2007 ME 115, ¶ 11, 930 A.2d 1031. Because Proia was charged with *attempted* gross sexual assault, however, the State was required to prove, among other things, that Proia acted "with the intent to complete the commission of the crime," 17-A M.R.S. § 152(1) (2016), thus introducing a mens rea element into the charge.

¶ 20, 113 A.3d 1102. Rather, when evidence of an abnormal condition of the mind is presented, the court is called upon to determine whether, based on the record as a whole—including evidence of the defendant's mental condition—the State has proved beyond a reasonable doubt that the accused acted with the culpable state of mind necessary to commit the crime charged. *See id.* ¶¶ 20, 22. With respect to each of the counts on which the court found Proia guilty, the court concluded that the State had met that burden of proof, and the court did not commit any error in its findings of fact or application of the law to those facts.

[¶14] We have observed that evidence of a mental abnormality that results in a distortion of reality may actually demonstrate that a defendant acted with the alleged culpable state of mind. *See id.* ¶ 25 ("Evidence of Graham's distorted perception that the child was in danger also tended to confirm the court's finding that Graham acted with the conscious object of removing the child from danger by taking him home."); *State v. Mishne*, 427 A.2d 450, 455 (Me. 1981) (stating that "evidence of a compelling need [associated with an abnormal condition of the mind] tends to confirm the conclusion that defendant acted with awareness and with the conscious object of fulfilling that need").

[¶15]  Here, after making the predicate finding that Proia's perception of reality was distorted during the episode, the court determined that he acted in a way that was responsive to his delusions.  For example, Proia believed he was in danger and therefore acted as if to defend himself and a member of his family from that perceived danger.  In this way, the evidence entitled the court to find that Proia's conduct—when gauged through the lens of his delusional apprehension of reality—was directly responsive to his perception of the circumstances.  The court did not err in concluding that Proia's decisions and conduct were explained by his delusional mental state, and thus that Proia's mental abnormality did not prevent him from acting with the required culpable states of mind that are elements of the charges of which the court found him guilty.

[¶16]  We therefore conclude that the court's application of section 38 was not erroneous, and that the evidence presented at trial supported the court's factual findings beyond a reasonable doubt.

The entry is:

Judgment affirmed.

---

Valerie A. Randall, Esq. (orally), and Patrick H. Gordon, Esq., Fairfield & Associates, P.A., Portland, for appellant Thomas A. Proia

Kathryn L. Slattery, District Attorney, and Shira S. Burns, Asst. Dist. Atty. (orally), Prosecutorial District 1, Alfred, for appellee State of Maine

York County Unified Criminal Docket docket number CR-2015-445
FOR CLERK REFERENCE ONLY